1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DANIEL SARTAIN,                              CV F 04 5621 REC SMS P

10                    Plaintiff,
                                               ORDER DISMISSING COMPLAINT WITH
11        v.                                   LEAVE TO AMEND (Doc. 1.)

12                                             ORDER DIRECTING CLERK OF COURT TO
   A.K. SCRIBNER, et. al.,                     SEND PLAINTIFF BLANK CIVIL RIGHTS
13                                             FORM
                      Defendants.
14   _____/

15
16        Daniel Sartain ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

17  this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on

18  April 26, 2004, alleging inadequate medical care.  The Complaint names Warden A.K. Scribner,

19  Dr. J. Klarich, HCM, Dr. Jack Friedman, and Dr. Clyve Greaves as Defendants and seeks

20  monetary damages.

## A.  SCREENING REQUIREMENT

21        The court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28

1 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7 complaint under this standard, the court must accept as true the allegations of the complaint in

8 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11 **B.  SUMMARY OF COMPLAINT**

12      Plaintiff's Complaint consists of several pages of pure narrative detailing every encounter

13 that Plaintiff had with Dr. Friedman and Dr. Greaves.  Plaintiff appears to be challenging the

14 adequacy of the medical care he received while CSP-Corcoran.

15 **C.  CLAIMS FOR RELIEF**

16      As noted above, the Complaint consists of a narrative of every encounter with two of the

17 named Defendants and does not delineate what Plaintiff's claims for relief are.  The Court will

18 provide Plaintiff with the following law that may fit his generalized Complaints.  However, as it

19 is the duty of the Plaintiff to state what his claims for relief are, the Court will not guess as to

20 what facts may or may not go with what constitutional violations that may be made in a Section

21 1983 action.

22      *1.  Linkage Requirement*

23 The Civil Rights Act under which this action was filed provides:

24      Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
25      deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
26      law, suit in equity, or other proper proceeding for redress.

27

28 42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

1  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u>

2  <u>Monell v.  Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

3  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

4  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

5  in another's affirmative acts or omits to perform an act which he is legally required to do that

6  causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th

7  Cir. 1978).   In order to state a claim for relief under section 1983, plaintiff must link each named

8  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

9  federal rights.

10       Here, Plaintiff's complaint is flawed in that it does not clearly link any of the named

11  Defendants with an act or omission giving rise to a constitutional violation.  This is so, in part,

12  because Plaintiff has alleged no specific constitutional violation.  His Complaint is merely a story

13  about what has happened to him.  As such, the Complaint must be dismissed for Plaintiff's

14  failure to link the named Defendants as discussed above.

15       *2. Eighth Amendment Medical Claim*

16       A prisoner's claim of inadequate medical care does not constitute cruel and unusual

17  punishment unless the mistreatment rises to the level of "deliberate indifference to serious

18  medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

19  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

20  objective terms, "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing

21  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

22  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

23  conduct undertaken for the very purpose of causing harm. <u>Farmer v. Brennan</u>, 511 U.S. at 837.

24  A prison official does not act in a deliberately indifferent manner unless the official "knows of

25  and disregards an excessive risk to inmate health or safety." <u>Id</u>.

26       In applying this standard, the Ninth Circuit has held that before it can be said that a

27  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

28  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

3

1   cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), <u>citing</u>

2   <u>Estelle</u>, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

3   treating a medical condition does not state a valid claim of medical mistreatment under the

4   Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

5   because the victim is a prisoner." <u>Estelle v. Gamble</u>, 429 U.S. at 106; <u>see</u> <u>also</u> <u>Anderson v.</u>

6   <u>County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1050

7   (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136

8   (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

9   indifference to serious medical needs.  <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir.

10  1990).

11          In this case, Plaintiff does not state sufficient facts to state a claim for relief under the

12  Eighth Amendment.

13  **D.  CONCLUSION**

14          The Court finds that Plaintiff's complaint does not contain any claims upon which relief

15  can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

16  time to file a first Amended Complaint curing the deficiencies identified above should he wish to

17  do so.

18          Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

19  resulted in a deprivation of his constitutional rights.  <u>See</u>, <u>Ellis v.  Cassidy</u>, 625 F.2d 227 (9th Cir.

20  1980).  The Amended Complaint must specifically state how each defendant is involved.

21  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

22  connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423,

23  U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.  1980); <u>Johnson v.  Duffy</u>, 588

24  F.2d 740, 743 (9th Cir.  1978).

25          Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

26  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

27  Complaint supersedes the original complaint.  <u>See</u> <u>Loux v.  Rhay</u>, 375 F.2d 55, 57 (9th Cir.

28  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

1  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

2  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

3  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

4  appropriate case number, and be an original signed under penalty of perjury.

5  **E.  ORDER**

6       The Court HEREBY ORDERS:

7      1.     The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

8           complaint form;

9      2.     The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY

10           (30) days from the date of service of this order, Plaintiff SHALL:

11          a.     File an Amended Complaint curing the deficiencies identified by the Court

12              in this Order, or

13          b.     Notify the Court in writing that he does not wish to file an Amended

14              Complaint and pursue the action but instead wishes to voluntary dismiss

15              the case.

16       Plaintiff is forewarned that his failure to comply with this Order may result in a

17  Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

18

19  IT IS SO ORDERED.

20  **Dated:**   **November 17, 2005**          **/s/ Sandra M. Snyder**

21  icido3                           UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28