IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SARTAIN,<br><br>        Plaintiff,<br><br>vs.<br><br>A.K. SCRIBNER, et al.,<br><br>        Defendants. | 1:04-cv-05621-REC-SMS-P<br><br>**FINDINGS AND RECOMMENDATIONS**<br>**RE DISMISSAL OF ACTION**<br>(Doc. 11) |

    Plaintiff, Daniel Sartain ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On January 12, 2006, the court issued an order requiring plaintiff to file an amended complaint within thirty (30) days from the date of service of that order. The thirty-day period has passed, and plaintiff has failed to comply with or otherwise

1

respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

2

1 their merits; and, (5) the availability of less drastic
2 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
3 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
4 Ghazali, 46 F.3d at 53.
5 //
6     In the instant case, the court finds that the public's
7 interest in expeditiously resolving this litigation and the court's
8 interest in managing the docket weigh in favor of dismissal.  The
9 third factor, risk of prejudice to defendants, also weighs in favor
10 of dismissal, since a presumption of injury arises from the
11 occurrence of unreasonable delay in prosecuting an action.
12 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
13 factor -- public policy favoring disposition of cases on their
14 merits -- is greatly outweighed by the factors in favor of
15 dismissal discussed herein.  Finally, a court's warning to a party
16 that his failure to obey the court's order will result in dismissal
17 satisfies the "consideration of alternatives" requirement.  Ferdik
18 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
19 779 F.2d at 1424.  The court's order of January 12, 2006, expressly
20 stated: "Petitioner is forewarned that his failure to comply with
21 this order will result in a Recommendation that this action be
22 dismiss."  Thus, plaintiff had adequate warning that dismissal
23 would result from non-compliance with the court's order.
24     Accordingly, the court HEREBY RECOMMENDS that this action be
25 DISMISSED based on plaintiff's failure to obey the court's order of
26 January 12, 2006, and for failing to state a claim on which relief
27 can be granted.
28     These Findings and Recommendations are submitted to the United

3

States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 1, 2006**               **/s/ Sandra M. Snyder**
icido3                                             UNITED STATES MAGISTRATE JUDGE