# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE SARTAIN, | 1:04-cv-05621-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS UNCOGNIZABLE CLAIMS AND TO ALLOW SERVICE ON COGNIZABLE CLAIMS. |
| v. | |
| A.K. SCRIBNER, et. al., | (Doc. 16) |
| Defendants. | |

## I. Screening Order

Daniel Lee Sartain ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on April 26, 2004, alleging inadequate medical care. On November 18, 2005, the Court filed an order dismissing the complaint with leave to amend. Plaintiff did not file an amended complaint within the requisite deadline, and so the Court filed a Findings and Recommendations Re: Dismissal of Action on March 2, 2006. Plaintiff responded to the Findings and Recommendations. Plaintiff was granted leave and filed his amended complaint on May 18, 2006.

### A. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B.     Summary of Plaintiff's Amended Complaint

Plaintiff is currently incarcerated at the California Men's Colony State Prison in San Luis Obispo, California. The acts plaintiff complains of occurred at Corcoran State Prison. Plaintiff names the following defendants: Warden A.K. Scribner; Dr. J. Klarich; Dr. Jack Friedman; and Dr. Clyve Greaves. Plaintiff seeks monetary and injunctive relief.

Plaintiff delineates three causes of action: (1) for inadequate medical care violating the Eighth Amendment; (2) for violation of his right to equal protection under the Fourteenth Amendment; and (3) for violation of Title II of the American's with Disabilities Act ("ADA").

#### 1.     Plaintiff's Claims for Relief

##### a.  *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

2

1  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
3  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
4  in another's affirmative acts or omits to perform an act which he is legally required to do that
5  causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th
6  Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named
7  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's
8  federal rights.

### b. *Plaintiff's First Claim*

Plaintiff alleges that defendants (Warden Scribner, Dr. Klarich, Dr. Friedman, and Dr. Greaves) were deliberately indifferent to his serious medical needs regarding the prescribing of Methadone for pain.  Specifically plaintiff states that: prior to incarceration he suffered for almost twenty years from "Chronic Intractable Pain Syndrome" as a result of a serious back/spinal injury for which he had received various medical treatments including surgery, implantation of electrodes and internal morphine pump, and various narcotic pain medications – including Methadone; Dr. Friedman failed and refused to maintain his prescription for Methadone at a dosage sufficient to control his pain; on more than one occasion, Dr. Friedman abruptly stopped plaintiff's dosage of Methadone rather than properly tapering it – causing various withdrawal symptoms; Dr. Friedman repeatedly denied plaintiff's request to increase his dosage of Methadone and would thereafter threaten that he intended to discontinue the prescription; Dr. Greaves refused to prescribe an increase in pain medication; Warden Scribner and Dr. Klarich did not provide assistance when plaintiff "wrote letters" to them about his medication(s); and Dr. Friedman did not assist plaintiff in a proper "Risk-Benefit Analysis" so as to aid plaintiff in his "informed consent" regarding the elective surgery offered and performed by Dr. Rahimifar (not a named defendant) at San Joaquin Community Hospital.  Doc. 16, pg. 4-15.

### (1) *Medical Care*

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  As with Eighth Amendment claims generally, a claim for denial of medical care is comprised of both an objective component and a subjective component.  Coleman v. Wilson, 912 F.Supp. 1282, 1298 (E.D. Cal. 1995).  Such claims require proof of two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Technologies, Inc., v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

The objective requirement is satisfied by establishing the existence of a "serious medical need."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Serious physical health needs include the "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  McGuckin, 974 F.2d at 1059-60.  If the failure to treat the prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, the medical need is sufficiently serious. McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104).

To establish the subjective element, an inmate must show that a state actor responded to the serious medical need with "deliberate indifference."  Farmer, 511 U.S. at 834.  Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety.  Farmer, 511 U.S. at 835 (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)).  The prisoner must show that the official knew of and disregarded an excessive risk to inmate health. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (citing Farmer, 511 U.S. at 838); see also Farmer, 511 U.S. at 837, 844 (prison official deliberately indifferent if he knows prisoner faces substantial risk of serious harm and disregards risk by failing to take reasonable measures to abate it).  The indifference to medical needs must be substantial.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citation omitted).

Medical malpractice and negligence do not amount to an Eighth Amendment violation. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (citation omitted); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130

(9th Cir. 1998) (finding no merit in constitutional claims stemming from alleged delays in administering pain medication, treating broken nose, and providing replacement crutch, because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeated failure to satisfy requests for aspirin and antacids to alleviate headaches, nausea, and pain not a constitutional violation).

Nor will civil recklessness (that is, failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) suffice. Farmer, 511 U.S. at 836-37. The fact that a reasonable person would have known of the risk or that a defendant should have known of the risk is not sufficient. Id. at 842. Rather, an inmate must establish recklessness in the criminal sense: disregard of a risk of harm of which the official actually is aware. Id. at 838-42. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A mere difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 519 U.S. 1029 (1996). Where defendant doctors have chosen one course of action and a plaintiff contends that they should have chosen another course of action, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332 (internal citations omitted); see also Forbes v. Edgar, 112 F.3d 262, 266-67 (7th Cir. 1997) (no Eighth Amendment right to specific treatment or to "foolproof protection from infection").

Plaintiff has established that a "serious medical need" exists as the failure to treat his condition could result in the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059. However, plaintiff has failed to establish that any of the defendants were deliberately indifferent to his serious medical needs. Plaintiff admits that, among other treatments, the defendants: provided plaintiff with the opportunity to have a spinal evaluation with Dr. Mensink at San Joaquin Community Hospital; prescribed various narcotic medications (including

5

1  Methadone, although not at the dosage plaintiff desired); and authorized plaintiff to receive
2  elective neck surgery by Dr. Rahimifar.  Doc. 16, pg. 7-13.  However, plaintiff disagrees with the
3  treatment he received.  Plaintiff apparently believes he should have been prescribed and
4  maintained on higher dosages of Methadone throughout the duration of his incarceration at CSP
5  and that the authorization for his elective surgery should have included an additional procedure.
6  However, plaintiff's disagreement with the treatment he received at CSP is insufficient to meet
7  his burden of showing "that the course of treatment the doctors chose was medically
8  unacceptable under the circumstances ... and... that they chose this course in conscious disregard
9  of an excessive risk to plaintiff's health."  Jackson, 90 F.3d at 332.  Thus, plaintiff has failed to
10 state a cognizable claim for deliberate indifference to his serious medical needs against Dr.
11 Friedman or Dr. Greaves.
12         Further, plaintiff's allegation that Dr. Klarich and Warden Scribner did not help when he
13 wrote letters to them about his need for Methadone does not rise to the level of deliberate
14 indifference to a serious medical need.  Doc. 16, pg. 11.  Plaintiff does not allege that Dr. Klarich
15 or Warden Scribner denied, delayed, or intentionally interfered with his medical treatment.
16 Additionally, Warden Scribner is a Warden at CSP, not a physician or medical provider per
17 C.C.R. Title 15, Section 3354.  Even in the light most favorable to plaintiff, a Warden is not a
18 medical provider.  Dr. Klarich and Warden Scribner did not make any decisions regarding
19 plaintiff's medical care and/or course(s) of treatment.  Thus, plaintiff has failed to state a
20 cognizable claim for deliberate indifference to his serious medical needs against Dr. Klarich and
21 Warden Scribner.

                           **(2)**    *Verbal Harassment*

23         Plaintiff states that Dr. Friedman deliberately attempted to upset plaintiff by refusing
24 plaintiff's repeated requests for increased Methadone dosages and stating that "the following
25 month he was going to discontinue the plaintiff's methadone treatment... ."  Doc. 16, pp. 6-7.
26         Mere verbal harassment or abuse, including the use of racial epithets, does not violate the
27 Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.
28 Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Further, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Plaintiff has failed to show that Dr. Friedman's statements caused him to suffer any physical injury. Thus, plaintiff has failed to state a cognizable claim against Dr. Friedman for his statements to plaintiff that he intended, in the future, to discontinue his Methadone treatment.

### (3) *Failure to Respond to Correspondence*

Plaintiff alleges that Dr. Klarich and Warden Scribner did not "help" when he "wrote letters" to them regarding his desire for continuing and increased Methadone treatment for his pain. Doc. 16, pg. 11. Although not characterized by plaintiff as such, out of an abundance of caution, the Court addresses these "letters" as though plaintiff were claiming a failure to respond to prison grievances.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no

entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Thus, plaintiff's allegations that Dr. Klarich and Warden Scribner failed to "help" him when he "wrote letters" to them regarding his treatment with Methadone, without more, do not state cognizable claims.

      **c.**    ***Plaintiff's Second Claim***

Plaintiff attempts to state an equal protection claim in as much as, while similarly situated, he was treated differently from other state prisoners in that he was denied access to medical care and medications that are offered to other inmate patients at CSP and elsewhere in California Department of Corrections facilities.  Doc. 16, pp. 15-23.

      **(1)**    ***Equal Protection***

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1

(1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff fails to allege: membership in an identifiable class; whether the difference in treatment he received was intentional; and whether there was a rational basis for the alleged difference in treatment he received. Therefor, plaintiff has failed to state a cognizable claim for violation of his rights to equal protection under the Fourteenth Amendment.

### d.    *Plaintiff's Third Claim*

Plaintiff claims that he "... was excluded from participation in, and denied the benefits of services, programs, and activities by virtue of his disability and contrary to the provisions of the American's With (sic) Disabilities Act." Doc. 16, pp. 24-29.

Claims under the ADA are not cognizable against defendants in their individual capacities. Title II of the ADA and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132; see also Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) (to establish violation of Title II of ADA, plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his disability), cert. denied, 537 U.S. 1105 (2003). Although the

term "public entity" includes state prisons, it does not include individuals such as the defendants in this action. See Pennsylvania Dept. Of Corrections v. Yeskey, 524 U.S. 206 210 (1998) (state prisons fall squarely within statutory definition of "public entity"); Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate rights created by Title II of the ADA), cert. denied, 537 U.S. 1104, (2003); Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000) (no personal liability under Title II of ADA), cert. denied, 531 U.S. 1190 (2001); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc) (plaintiff cannot sue government actors in individual capacities for the alleged violations of the ADA). Thus, plaintiff's claim is not cognizable against the defendants in their individual capacities.

Further, the treatment or lack of medical treatment for plaintiff's condition does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Aside from defendants' medical treatment decisions of which plaintiff complains, which are not an appropriate basis upon which to predicate an ADA claim, plaintiff alleges no facts to show that any defendant participated in, or was otherwise responsible for, excluding him from numerous activities, programs, and benefits otherwise available to him. Therefore, plaintiff fails to state a cognizable claim for violation of his rights under Title II of the ADA.

   e. ***Supervisorial Liability***

Plaintiff alleges that Dr. Klarich (Health Care Manager) and Warden Scribner did not "help" when he "wrote letters" to them regarding his desire for continuing and increased Methadone treatment for his pain. Doc. 16, pg. 11.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior. Thus, when a named defendant holds a supervisorial position, the causal link between the defendant actor and the claimed constitutional

violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).

To state a claim for relief under Section 1983 based on a theory of supervisory liability Plaintiff must allege some facts that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Failure to "help" a prisoner who writes letters to the Warden or Health Care Manger does not amount to alleging personal participation in the alleged deprivation of constitutional rights; knowledge of the violations and failure to act to prevent them; or promulgation or implementation "...of a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646.  Thus, plaintiff has failed to state cognizable claims against Dr. Klarich and Warden Scribner for failing to "help" when he "wrote letters" to them.

**II.     Findings and Recommendation**

The court finds that has failed to state a claim against any of the named defendants. Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 16, 2008**                                          /s/ Sandra M. Snyder
                                                                                                        UNITED STATES MAGISTRATE JUDGE